FILED
10:25 am Apr 22 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **ASIA WYLEY,** | ) | **CASE NO. 1: 25 CV 231** |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| **CITY OF CLEVELAND,** | ) | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | ) | |

**Background**

Plaintiff Asia Wyley filed this *pro se* action against the City of Cleveland. (Doc. No. 1.) In her complaint, she indicates she is asserting constitutional claims under the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"), 4 U.S.C. §§ 12112 to 12117. (*Id*. at 2, ¶ II.) She does not set forth cogent specific allegations underlying each of these claims. Instead, she generally alleges that "employees of the City of Cleveland" violated her constitutional rights "after committing policing bias and discrimination bias" against her and "ignored the fact that [she] had disabilities and denied [her] proper accommodations because they misread [her] behavior and accused [her] of being on illicit substances." (*Id*. at 2, ¶ III.) She contends this resulted in her illegal arrest and wrongful conviction. (*Id*. at 3.) She does not specifically identify the conviction to which

she refers, but public records indicate she was convicted in Cleveland Municipal Court in 2024 of criminal trespass in connection with events at the Hilton Cleveland Downtown in December 2023. *See City of Cleveland v. Asia Wyley*, Nos. 113869 and 113870, 2024 WL 5088417 (Ohio App. Eighth District Dec. 12, 2024); *State of Ohio/ City of Cleveland*, No. 2023-CRB-9975 (Cleveland Mun. Ct.). For relief, she seeks "122 billion dollars" in damages. (*Id.* at 3, ¶ IV, "Relief.")

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis* (Doc. No. 2). That motion is granted. For the following reasons, her complaint is dismissed.

**Standard of Review and Discussion**

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 47 at 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "governs dismissals for failure state a claim under [§ 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). Detailed factual allegations are not required, but the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In addition, to meet minimum basic pleading requirements necessary to state a claim in federal court, a complaint must set forth allegations sufficient to give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Legal conclusions alone are not sufficient to present a valid claim, and courts are not required to accept unwarranted factual inferences. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B). To state a claim for damages for the deprivation of a constitutional right, Plaintiff must establish a claim under 42 U.S.C. § 1983, which requires that she plead facts demonstrating she suffered a constitutional rights violation committed by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Her complaint fails to do so. In her complaint, Plaintiff does not set forth allegations explaining why she believes each of the constitutional rights she cites in her complaint (*i.e*, the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments) was violated, or what specific wrongful conduct City of Cleveland employees engaged in to violate her rights. She only generally alleges that City employees committed "policing bias" and discriminated against her. Such unclear and conclusory allegations are insufficient to state a plausible civil rights claim in

federal court. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987).

Furthermore, there is no vicarious liability for constitutional rights violations under § 1983 in any case, meaning that a plaintiff cannot sue a local government entity on the basis of alleged wrongful conduct of employees under a theory of *respondeat superior*, as Plaintiff's complaint purports to do here. *See Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 692-94 (1978). Rather, claims against a local government must be based on the government's own policy or custom. To state a constitutional claim against a municipal government as Plaintiff seeks to do here, she must (1) identify a municipal policy or custom, (2) connect the policy to the municipality, and (3) show that her particular constitutional injury was incurred due to execution of that policy. *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021). Plaintiff's complaint fails to identify any custom or policy of the City of Cleveland that caused her to suffer constitutional injury. Accordingly, she has not established a plausible municipal policy claim.

Plaintiff's complaint also fails to allege a plausible federal claim for disability discrimination under the ADA. Title II of the ADA covers discrimination in public services and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). The term "public entity" includes state and local governments, as well as their departments, agencies, and instrumentalities. *Tucker v. Tennessee*, 443 F. Supp.2d 971, 972 (W.D. Tenn. 2006) (citing 42 U.S.C. § 12131(1)).

To establish a prima facie case of discrimination under the ADA, a plaintiff must prove

that she: (1) has a disability; (2) is otherwise qualified; and (3) is being excluded from participation in, being denied the benefits of, or being subjected to discrimination with respect to services, programs, or activities of a public entity solely because of her disability *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). A plaintiff must also show that the discrimination was intentionally directed toward her in particular. *See id*. at 568 ("'[A]cts and omissions which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [a plaintiff] in particular.'") (citing *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997)).

Plaintiff's complaint, even under the most liberal reading, fails to plead the necessary elements of a prima facie ADA claim. She states that City of Cleveland employees "ignored the fact that [she] had disabilities and denied [her] proper accommodations," but she fails to allege what disability or disabilities she believes she has, much less facts plausibly suggesting that she was excluded from, denied the benefits of, or subjected to discrimination with respect to a service, program, or activity of a public entity solely because of such disability. She does not identify her "disabilities" or indicate any accommodation she asked for, or that could or should have been made for her, that she was denied.

In sum, Plaintiff's unclear, general, and conclusory allegations are insufficient to meet basic federal notice pleading requirements or raise a right to relief, on any federal claim, above the speculative level.

**Conclusion**

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision

could not be taken in good faith.

IT IS SO ORDERED.

4/22/2025

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE